JAYNE et al. v. LODER.

(Circuit Court of Appeals, Third Circuit. May 15, 1907.)

No. 34.

COSTS—CIRCUIT COURT OF APPEALS—PRINTING RECORD.

Under amended rule 23 (150 Fed. xxxii, 79 C. C. A. xxxii) of the rules of the Circuit Court of Appeals for the Third Circuit, which provides that, in case of reversal, affirmance, or dismissal with costs, the amount paid for printing the record shall be taxed against the party against whom costs are given, the cost of such printing is so taxable, although it was done at the instance of the plaintiff in error and not of the clerk, as contemplated by the rule, where the record as so printed was accepted by the clerk, and no timely objection was made.

On Appeal from Taxation of Costs.

For former opinion, see 149 Fed. 21.

Before GRAY and DALLAS, Circuit Judges, and ARCHBALD, District Judge.

DALLAS, Circuit Judge. Our decision in this case was one of reversal, with costs, and therefore, at least prima facie, the plaintiffs in error were entitled to have the amount paid for printing the record taxed against the defendant in error; for rule 23 (150 Fed. xxxii, 79 C. C. A. xxxii), since its amendment, as well as before, contains this unequivocal provision:

"In case of reversal, affirmance or dismissal, with costs, the amount paid for printing the record shall be taxed against the party against whom costs are given."

That this clause would not have been retained when rule 23 was altered if it had been intended that thereafter the cost of printing the record should not be taxed against the losing party is, as an abstract proposition, unquestionable; but it is contended that the amount paid for this particular printing is not so taxable, because it was done at the instance of the plaintiffs in error, as the original rule had prescribed, instead of being "caused" by the clerk, as the amended rule directs. The order of December 7, 1893, did make the clerk responsible for the correct printing of the record, but it made no change whatever in the ultimate liability for its cost. In the present case the clerk accepted copies supplied by counsel for the plaintiffs in error; but to this no timely objection was made, and none will now be considered. We must assume that, if they had been printed under his own supervision, the expense would have been the same.

There does not appear to be any substantial controversy respecting the amount to be allowed, and upon the general question presented enough has been said to show that the taxation of costs now appealed from should be recommitted to the clerk for correction in accordance with this opinion; and it is so ordered.